UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JIMMIE L. DARRISAW,

       Petitioner,

v.                                                       Case No. 2:04-cv-7
                                                       HON. R. ALLAN EDGAR

JERRI-ANN SHERRY,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Jimmie L. Darrisaw filed this petition for writ of habeas corpus challenging the validity of his state court convictions for kidnaping, extortion, car-jacking and felony firearm. Petitioner was convicted after a bench trial on February 28, 2000, and on March 14, 2000, was sentenced to prison terms of 15 to 30 years and two years on the firearm conviction.

Petitioner maintains that his conviction was obtained in violation of his federal rights. Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Record lacked factual evidence to support findings of guilt of offense charged or convicted prejudicial effect on appeal by right.

II. Insufficient evidence to convict of the charged offenses violating constitutional provisions of fair and impartial trial proceedings where prosecution has proven evidentiary elements of charges.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state

adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Petitioner was convicted after a bench trial before Wayne County Circuit Court Judge Kerwin. The trial was judge Kerwin's last trial before leaving the bench. The stenographic notes used to make a transcript of Judge Kerwin's findings and verdict were lost and never found. No transcript of the verbatim findings and verdict was ever made. After the Michigan Court of Appeals remanded the matter, Judge Kerwin re-created the findings and verdict. Petitioner argues that the failure to transcribe the original findings and verdict violated his constitutional rights. The United States Supreme Court in *Griffin v. Illinois*, 351 U.S. 12 (1956), held that a state cannot deny indigent

defendants free transcripts or other means for effective appeal without violating equal protection and due process. However, a transcript is not always necessary for an effective appeal. The state may provide "an equivalent report of the events at trial from which the appellant's contentions arise." *Draper v. State of Washington*, 372 U.S. 487 (1963). Two factors are relevant in determining an indigent's need for a free transcript for appellate purposes (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. *Britt v. North Carolina*, 404 U.S. 231 (1971). Where transcripts are missing, a petitioner must show prejudice resulting from the missing transcripts. *Bransford v. Brown*, 806 F.2d 83 (6th Cir. 1986). Despite the difficulty in showing prejudice, "petitioner must present something more than gross speculation that the transcripts were requisite to a fair appeal. *Id.* at 86. Wayne County Circuit Court Judge Gregory D. Bill denied petitioner's motion for a new trial, stating:

> When the Defendants brought this to my attention, I went to great lengths to help resurrect – I guess it was just two pages that were missing from the transcript. The trial had been held just months before, a bench trial by Judge Kerwin, who is – has a visiting judge status now. He vividly recalled the case. While he did acknowledge that he had taken some notes and that the notes would have been helpful, it was his position that they were not deemed crucial nor would it preclude his resurrecting his recollection as to what occurred during the trial.
>
> Counsel was afforded an opportunity to ask questions, I sat side by side with Judge Kerwin to ensure that everyone would have an opportunity to engage in whatever discourse was possible or necessary to complete this record.
>
> It was my distinct impression and I verily believe that all parties, including Mr. Darrisaw through Counsel, were satisfied. The cases that you allude to, the federal cases, talk about transcript and – transcripts but I don't know anything about notes and the thrust of this argument was about missing notes that the judge took. Now

> initially Counsel wanted the notes. The judge indicated that not all cases did he have notes and in no case did those notes ever become part of the file.
>
> So in light of the frame of reference in terms of time, Judge Kerwin's vivid recollection of the events – matter of fact, he specifically said these were bad guys, this was a bad crime, these were bad crimes. It's undisputed that he had an excellent recall of the trial that he had conducted, that being a bench trial. I think he was more attentive than he may have been had it been a jury trial. And because of his visiting judge status, he had had some personal illness – I think he suffers from Crohn's disease, he indicated – his docket wasn't as busy or his schedule wasn't quite as busy so he was able to recall and resurrect the minor deficiency in the transcript and I believe to the satisfaction of all concerned.
>
> Again it was just a very small portion of the transcript that was unavailable and any error that was alleged, I would deem harmless.

Motion transcript, docket # 39 at 6-8. Similarly, the Michigan Court of Appeals rejected this claim, explaining:

> Whether the unavailability of a trial transcript denies a defendant his due process right to proper appellate review is a constitutional issue which this Court reviews de novo on appeal. *People v. Mackle*, 241 Mich App 583, 602; 617 NW2d 339 (2000). A criminal defendant's constitutional right to an appeal may be impaired if the lower court record is either missing or incomplete, and if the omitted materials precludes us from effectively evaluating the defendant's claims on appeal. *People v. Frechette*, 380 Mich 64, 73; 155 NW2d 830 91968); *People v. Horton* (*After Remand*), 105 Mich App 329, 330; 306 NW2d 500 (1981). However, a defendant is not entitled to an automatic reversal. *People v. Iacopelli*, 141 Mich App 566, 568; 367 NW2d 837 91985). The defendant's right is satisfied if the surviving record is sufficient to allow evaluation of the defendant's claims on appeal. *People v. Wilson* (On Rehearing), 96 Mich App 792, 797; 293 NW2d 710 (1980).
>
> In the instant case, the reconstructed record is sufficient to review defendant's claims, which question whether the trial judge erred in finding sufficient evidence to support their convictions. To a large extent, "[t]he sufficiency of the record depends on the questions that must be asked of it." *Audison, supra,* 126 Mich App 835. Here, all three defendants argued below that identification was the sole issue

- 5 -

> in this case. Two of the three eyewitness victims testified, one adult and one child. The third victim was an infant. The trial judge, Judge David Kerwin, stated on the record that he had a clear memory of the case because of the unusual facts and because it was his last trial. The trial judge also recalled that he believed the identifying witnesses. Defendants have not overcome the presumption of regularity that attached to the trial court's reconstruction proceedings. *Iacopelli, supra,* 141 Mich app 567-568. Accordingly, a new trial is not warranted. *Audison, supra* 126 Mich App 834-835; *Horton*, *supra*, 105 Mich App 331.
>
> We note that Walker and Barclay have not alleged any inconsistency between the lost original findings and the reconstructed findings, nor have they specified any occurrence of prejudice. Darrisaw argues that the reconstruction is inadequate because Judge Kerwin mistakenly stated that the adult victim saw Darrisaw back her Jeep out the driveway when in fact she identified Walker as the driver, and further, because Judge Kerwin recalled that he had doubts about the child victim's testimony, but he did not specify what those doubts were. These arguments are not pertinent to the question of whether the record is adequate to allow for appellate review. Judge Kerwin's reconstructed findings satisfy MCR 6.403, and reflect that he was aware of the issues and correctly applied the law. *People v. Kemp*, 202 Mich App 318, 322; 508 NW2d 184 (1993).

Petitioner has failed to identify any prejudice as a result of the missing transcript of the court's findings and verdict. The reconstructed findings were sufficient to preserve any appellate issues for petitioner to pursue. Moreover, the transcripts of the proceedings were sufficient for all appellate issues presented by the petitioner. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that insufficient evidence existed to convict him of the crimes. A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there

was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.*

> Defendant Darrisaw's insufficiency claim is based principally on he argument that Judge Kerwin erred in finding that the adult victim identified him as a perpetrator beyond a reasonable doubt. Like Barclay, he predicates this argument on inconsistencies in the adult victim's and the child victim's testimony. He also points out that Judge Kerwin erroneously stated that the adult victim saw Darrisaw's face as he backed her Jeep out of the driveway when, in fact, she testified that Walker was the driver. As discussed previously, this Court defers to a trial court's assessment of witness credibility, notwithstanding discrepancies and conflicts in the trial testimony. Judge Kerwin's erroneous statement about Darrisaw is not material. This statement was made in the context of a general discussion that the adult victim's identification testimony was reliable because she had an adequate opportunity to observe the kidnappers. It was not intended as a specific finding about Darrisaw's conduct. Accordingly, the misstatement does not constitute a clearly erroneous finding of fact.
>
> Darrisaw also argues that the adult victim's in court identification of Darrisaw was not reliable because it did not satisfy the eight factors set forth in *People v. Gray*, 457 Mich 107, 116; 577 NW2d 92 (1998). Darrisaw's reliance on *Gray* is misplaced. The *Gray* case involved a sexual assault victim's in-court identification of the defendant after a police officer had used an unduly suggestive, improper photographic identification procedure. *Gray* is inapplicable here because there is no claim of an improper or unduly suggestive pretrial identification procedure. Accordingly, there was no need to establish an independent basis for the in-court identification. Instead, the credibility and reliability of the adult victim's identification of Darrisaw was a question of fact for the trial court to decide.
>
> Darrisaw also argues that the prosecution failed to prove that he committed extortion because there was no evidence that he communicated a threat to the adult victim. Extortion involves an oral or written communication of a threat to injure the victim, the victim's property or the victim's parent, spouse or child, made to extort money, or a pecuniary advantage to the threatener, or to compel some other act against the victim's will. Judge Kerwin found that Darrisaw and the other defendants aided and abetted each other in the

> commission of the crimes. The evidence supports this finding. Although the adult victim did not state that Darrisaw communicated a threat to harm her or her child with the intent of gaining money and valuables, Darrisaw's conduct during the offense was clearly intended to support McCord's threats. There was evidence that Darrisaw approached the adult victim with a gun, rode with the others to the garage, and helped hold the children captive while the adult victim got the money. A trier of fact could find that this was cooperative effort among the four men to threaten the adult victim's niece and infant son with harm in order to induce her to give them money and jewelry. Additionally, although Darrisaw did not utter the threat, he made the threat plausible and imminent by keeping the baby in a secret location while the adult victim procured the valuables. Furthermore, the adult victim testified that Darrisaw told her when he first approached that no one would be hurt if she cooperated. Darrisaw thus initiated the kidnapping and extortion by implicitly threatening the adult victim and the children with harm unless she did the kidnappers' bidding. (Citations omitted).

Based upon the evidence presented at trial, it is clear that the evidence was sufficient to establish that petitioner committed the crimes. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. The trial court's reconstructed findings of fact and verdict did not violate petitioner's constitutional rights. Appellate issues were preserved. Moreover, sufficient evidence existed to support petitioner's conviction. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

*NOTICE TO PARTIES*: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated: May 4, 2006